UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-62076-CIV-ALTONAGA
Magistrate Chris M. McAliley

WALTER GASTALDI, an individual,
*et al.*,

    Plaintiffs,

vs.

SUNVEST COMMUNITIES USA, LLC, a
Florida limited liability company, *et al.*,

    Defendants.
_____ /

**PLAINTIFFS' MOTION TO BIFURCATE LIABILITY AND DAMAGES FOR TRIAL
OR, ALTERNATIVELY, CONTINUANCE OF TRIAL**

Plaintiffs respectfully move this Court, pursuant to Federal Rule of Procedure 42(b), to bifurcate the issues of liability and damages for trial. Alternatively, Plaintiffs respectfully request a continuance of trial pursuant to Local Rule 7.6. In support thereof, Plaintiffs state as follows.

**I. INTRODUCTION**

This Court's March 4 Order (DE # 260) resolves an issue that had been the subject of hot dispute between the parties—how to measure damages caused by a FDUTPA violation under the unique facts of this case, where time of delivery of the condo (deed transferred ) is different from time of delivery of the condo as promised—two years after the transaction is consummated. The Court's ruling excludes Plaintiffs' principal damage expert because he did not apply the appropriate measure of damages in a case that, as the Court noted, "appears to be unique among FDUTPA cases." (Order at 9). Plaintiffs ask the Court to separately try liability and damages so

that our expert can make the appropriate calculations under the correct legal standard, IMGA can depose our expert, trial can proceed next week as scheduled, and Plaintiffs can have their day in court. Alternatively, Plaintiffs ask for a continuance of the March 15 trial as a last resort. As explained below, this motion is not interposed for delay, will cause IMGA no prejudice, and is necessary to provide justice to the plaintiffs IF liability is found.

## II. MOTION TO BIFURCATE AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs respectfully move this Court, pursuant to Federal Rule of Procedure 42(b), to bifurcate the issues of liability and damages for trial. Trial is set to begin on March 15, 2010. It would be convenient for the Court to proceed with trial on liability as scheduled. Moreover, liability and damages are entirely distinct issues in this case. Bifurcation would also promote judicial economy by limiting the presentation of lengthy expert evidence that may be irrelevant if the jury does not find IMGA liable. Finally, bifurcation is appropriate because it will not prejudice IMGA and may avoid prejudice to Plaintiffs.

Federal Rule of Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Eleventh Circuit has explained that "Fed. R. Civ. P. 42(b) confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of convenience.' That is not a high standard . . . ." *Harrington v. Cleburn County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir.2001). In this case, bifurcation is convenient because liability will be simple to try and Plaintiffs and IMGA are ready, willing, and able to try the issue of liability. Moreover, trial is already set to begin in one week. By contrast, the issue of damages is complex. Indeed, this Court previously reserved

2

ruling on the damages issue "[b]ecause of the complexity and importance of the issues involved." (D.E. 260 at 1.)

The Seventh Circuit has noted that "[s]eparate trials on liability and relief are only the most common application of Rule 42(b)." *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999) (citing cases).  Bifurcation is appropriate where, as here, the standards and evidence required to prove liability are entirely different than the evidence required to prove damages.  To establish a FDUTPA violation, Plaintiffs must establish three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages.  *Kia Motors America Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008).  The evidence Plaintiffs will use to prove the first and second elements involves IMGA's involvement in the development and marketing of the Orlando Project, the Plaintiffs' testimony, and the representations and marketing material that Plaintiffs were exposed to prior to purchasing their units.  By contrast, the third element only involves an assessment of the market values in the units.  Thus, the evidence Plaintiffs will use to prove liability is entirely different than the evidence Plaintiffs will present to prove damages.

This case is unlike cases where bifurcation was denied because the evidence on the two subjects is overlapping or the liability and damages issues are so intertwined that efficiency will not be achieved or confusion may result from any attempt at separation.  *See, e.g.*, *Martin v. Heideman*, 106 F.3d 1308, 1312 (6th Cir. 1997) (reversing bifurcation of a trial of a Section 1983 action for excessive force used during arrest, in order to try the liability and damages issues separately, where the extent of the arrestee's damages was relevant to the question of liability); *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d DCA 1996) (affirming denial of bifurcation in Title VII case where rate of pay was evidence of both liability and damages); *Llerand-Phipps v. City of New York*, 390 F. Supp. 2d 372, 375 (S.D. N.Y. 2005) (denying plaintiff's motion to

bifurcate liability and damages from trial because plaintiff's alcohol and substance history pertained to both liability and damages).

Bifurcation is also appropriate here because it will promote judicial economy by limiting the presentation of lengthy evidence that may be irrelevant if the jury does not find IMGA liable. Indeed, Wright and Miller note that "[a] competent study concludes that cases handled in this fashion take twenty percent less time than do cases tried routinely, with the liability and damage issues submitted simultaneously to the jury." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2390 (3d ed. 2009).

Finally, bifurcation is appropriate because it will not prejudice IMGA and may avoid prejudice to Plaintiffs. As this Court stated during the hearing on the motions in limine, "[IMGA] produce[s] another number a lot less than what [Plaintiffs are] seeking, but they're still saying 'There's a number here,' isn't there?" (Motion in Limine Tr. 45:11-13, Feb. 9, 2010.) Plaintiffs' damages expert was the only damages expert set to testify in this trial. IMGA only has a rebuttal damages expert. Thus, if Plaintiffs were to proceed without a damages expert, the jury may have difficulty applying the appropriate measure of damages to determine the appropriate number. Bifurcating liability from damages is necessary so that that Plaintiffs' expert can make the appropriate calculations under the correct legal standard. Moreover, IMGA can depose our expert on the appropriate measure of damages. And ultimately, Plaintiffs can have their day in court.

### III. MOTION FOR CONTINUANCE OF TRIAL

Alternatively, Plaintiffs move this Court pursuant to Local Rule 7.6, to continue the trial. This Court may grant a continuance for good cause. As explained in Plaintiffs' counsel's

4

affidavit and below, Plaintiffs have met their burden. (Affidavit of Harley Tropin, attached as Exhibit 1.)

Plaintiffs have prosecuted this case diligently. Plaintiffs have never previously asked for a continuance. The parties have had spirited debates on damages and have extensively briefed the issues. On March 4, after considering these arguments, this Court entered a scholarly order analyzing the unique damages issue that this case presents, jettisoning Plaintiffs' theory of damages, and excluding their expert. In doing so, this Court articulated the appropriate methods for measuring damages. Plaintiffs' expert can perform the necessary work to calculate damages in accordance with the proper methods identified by the Court, but Plaintiffs and their expert need additional time to do so. Similarly, IMGA will need time to depose Plaintiffs' expert and educate its rebuttal expert.

Justice requires that Plaintiffs have their day in court. Plaintiffs should not be denied their justice because an expert assumed the wrong theory in calculating their damages. This motion will not prejudice IMGA. Moreover, Plaintiffs motion is made in good faith and not for the purpose of delay.

Undersigned counsel for Plaintiffs has made reasonable efforts to confer by email with counsel for IMGA and Sunvest regarding the relief sought in sections II and III of this motion but has been unable to do so. Undersigned counsel has continued and will continue to make reasonable efforts to make contact and confer with counsel for IMGA and Sunvest.

WHEREFORE, the Plaintiffs respectfully request that the Court grant the relief sought herein and any other relief this Court deems appropriate.

Respectfully submitted, this 6th day of March, 2010,

KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce De Leon Blvd., 9th Floor
Coral Gables, Florida  33134
Tel: 305-372-1800 / Fax: 305-372-3508

By: __/s/ Adam M. Moskowitz_____
    Harley S. Tropin, Esq. (Fla. Bar No. 241253)
    Adam M. Moskowitz (Fla. Bar No. 984280)

And

James B. Tilghman, Jr., Esq.
STEWART TILGHMAN FOX & BIANCHI, P.A.
One Southeast Third Avenue, Suite 3000
Miami, Florida  33131
Tel:  305-358-6644 / Fax: 305-358-4707

And

Keith T. Belt, Esq. / Chris Cantrell, Esq.
BELT LAW FIRM, P.C.
Lakeshore Park Plaza, Suite 208
2204 Lakeshore Drive
Birmingham, AL 35209
Tel: 205-933-1500 / Fax: 205-933-5500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically on all counsel of record on March 6, 2010, via the Notices of Electronic Filing generated by CM/ECF.

By: __/s/ Adam M. Moskowitz_____

310524v1